UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC EMANUEL TAYLOR, *et al.*, )<br>)<br>)<br>  Plaintiffs,  )<br>v.  )  Civil Action No.  1:23-cv-00850 (UNA)<br>)<br>BUREAU OF INDIAN AFFAIRS, *et al.*,  )<br>)<br>)<br>  Defendants.  ) | |

## **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the complaint for the reasons explained below.

At the outset, the court notes that this matter has been filed as a class action. But a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . "); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03–7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Even if plaintiff could file this matter as a class action, the complaint would not survive. The prolix complaint totals 41 pages and is quite difficult to follow. Plaintiff sues the Bureau of

Indian Affairs and the United States, purports to bring his action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, and cites, without context, myriad other legal authority. He demands "1E100,000,000" in damages and seeks various forms of equitable relief.

The purpose of this action, as far as it can be discerned, appears to be twofold. Plaintiff most primarily attempts to challenge this District's determination to dismiss, with prejudice as frivolous and for failure to state a claim, a miscellaneous action that plaintiff filed in 2020. *See Taylor v. Trump*, 20-mc-00001 (UNA), at ECF No. 4 (Memorandum Opinion filed 6/12/20); ECF No. 5 (Dismissal Order filed 6/12/20), *aff'd sub nom. In Re Taylor*, 830 Fed. Appx. 2 (D.C. Cir. 2020) (per curiam). Plaintiff also contends that his petition for writ of certiorari in that matter was denied by the Supreme Court, yet another determination that he seeks to overturn. Although somewhat unclear, it appears that plaintiff is also challenging this District's dismissal of yet another case, namely, *In Re Taylor*, 22-cv-00744 (TNM), 2022 WL 1001232, at *1 (dismissing plaintiff's "incomprehensible" complaint pursuant to Federal Rule 8(a)), *aff'd*, No. 22-5127, 2022 WL 2920982 (D.C. Cir. Jul. 26, 2022) (per curiam). The second purpose of this action appears to be "another bite at the apple," against the Bureau of Indian Affairs, by once again shoehorning the same frivolous and baseless claims, already at least twice dismissed, into the instant pleading.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment

of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls squarely into this category. Over the course of the complaint, plaintiff references wildly vacillating topics, including the federal oath of office; his apparent conviction in Virginia; false imprisonment; intentional infliction of emotional distress; corporatism; impeachment; and the Civil Rights Act of 1866. Neither the court nor the defendants can reasonably be expected to identify plaintiff's claims, which is particularly important here because *res judicata* is decidedly applicable; as noted, plaintiff has already attempted, albeit ineffectively, to litigate many of the underlying claims. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983) ("[t]he doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues.").

Second, plaintiff has no viable cause of action under the APA, by which a court may "hold unlawful and set aside an agency action" that is, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law[.]" 5 U.S.C. § 706(2). Notably, the APA provides for judicial review only if "there is no other adequate remedy." 5 U.S.C. § 704. Here, plaintiff has not clearly identified any final agency action. To the extent that he attempts to challenge this District's dismissals under the APA he may not do so because (1) a federal court is not an agency, *see* 5 U.S.C. § 551(1)(B), and (2) plaintiff indeed has an adequate remedy by noting

an appeal to the D.C. Circuit, and then if applicable, by filing a petition for writ of certiorari to the Supreme Court—remedies that plaintiff has admittedly availed himself to.

Third, the United States possesses sovereign immunity from damages suit, except to the extent that it expressly consents to suit. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). Plaintiff has failed to establish that the United States has expressly consented to suit. Similarly, also applicable here, a court is immune from damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedent establishing that courts are "immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012). A court "will not be deprived of immunity" even if the action at issue was taken "in error, was done maliciously, or was in excess of [the court's] authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Finally, this court lacks subject matter jurisdiction to revisit actions taken by the Supreme Court. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).  "The Court can quickly dispatch with this request for [injunctive relief][;] although judicial immunity does not apply to requests for injunctive relief . . . the Court plainly lacks jurisdiction to compel official action by the U.S. Supreme Court justices or their staff." *Reddy v. O'Connor*, 520 F. Supp. 2d. 124, 132 (D.D.C. 2007) (dismissing action against Supreme Court Justices and staff for want of jurisdiction, where plaintiff alleged that he was wronged by the court's failure to grant certiorari and sought to "compel official action" by and through injunctive and declaratory relief) (citation omitted); *see Fuller v. Harris*, 258 F. Supp. 3d 204, 207 (D.D.C. 2017) (dismissing action to compel the Supreme Court and its clerks, by way of declaratory judgment, to file plaintiff's petition for writ of certiorari, based on the court's lack of jurisdiction to compel officials of higher court to take action) (citing *In re Marin*, 956 F.2d at 340; *Griffin v. Thompson*, 43 U.S. 244, 257 (1844)).

For all of these reasons, plaintiff's IFP application is granted and the complaint is dismissed without prejudice. *See* Fed. R. Civ. P. 8(a); 28 U.S.C. §1915(e)(2)(B)(ii)–(iii); Fed. R. Civ. P. 12(h)(3).  A separate order accompanies this memorandum opinion.

Date:  May 9, 2023　　　　　　　　　　　　　　／s／　　　　　　　　
　　　　　　　　　　　　　　　　　　　　RUDOLPH CONTRERAS
　　　　　　　　　　　　　　　　　　　　United States District Judge